```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
PETER G. STACK, et al.,

         Plaintiffs,

v.                            CASE NO.  8:06-CV-521-T-17EAJ

MASON & ASSOCIATES,
et al.,

         Defendant.
_____/
```

ORDER

This cause is before the Court on:

Dkt. 117   Motion for Sanctions
Dkt. 118   Response

Defendants Stephen G. Watts, Esquire, and Stephen G. Watts, P.A., and their counsel, seek Rule 11 Sanctions against Plaintiffs Peter G. Stack and Sandra Mann-Stack for filing and pursuing a frivolous claim for RICO violations against Defendants.  Defendants have complied with the safe harbor provision of Rule 11.

Plaintiffs oppose the Motion.  Plaintiff states that they believe that their complaint was well grounded in fact, well grounded in law, and not filed for any improper purpose.

Rule 11 sanctions are warranted when a party files an action that: 1) has no reasonable factual basis; 2) has no reasonable chance of success based on the legal theory used, or that cannot be advanced as a reasonable basis to change existing law; or 3)

Case No. 8:06-CV-521-T-17EAJ

is filed in bad faith for an improper purpose. See Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003). In determining whether to impose sanctions, the district court determines "whether the party's claims are objectively frivolous-in view of the facts or law-and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." See Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996). Under the objective standard, "[a]lthough sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

I. Discussion

The Court recognizes that monetary sanctions serve the purposes of Rule 11, and may be imposed in an appropriate case, as long as they are imposed in accordance with due process. For the following reasons, the Court finds that this case is not an appropriate case for the entry of monetary sanctions.

In Anderson v. Smithfield Foods, Inc., supra, the Eleventh Circuit Court of Appeals vacated the award of sanctions, based on the paucity of case law on RICO and the Court's grant of leave to file an amended complaint, finding that a reasonable lawyer would not necessarily have known that a better-pleaded RICO claim would have no reasonable chance of success.

2

Case No. 8:06-CV-521-T-17EAJ

After specifically drawing the attention of Plaintiffs to Rule 11, and to controlling precedents on Rule 11, the Court stayed this case to permit Plaintiffs to consider whether Plaintiffs wanted to proceed. The Court did not enter an order to show cause, directing Plaintiffs to explain why the case should not be dismissed because it was brought in bad faith (Dkt. 86). In their response, Plaintiffs stated that, after review of the law, Plaintiffs' case was brought in good faith, and not to delay or harass. After consideration of the entire context of this case, the Court dismissed the case on the basis of the Rooker-Feldman doctrine, and the dismissal was affirmed on appeal.

The purposes of Rule 11 sanctions is to deter. The entry of an order awarding monetary Rule 11 sanctions will not deter litigants who have strung cases involving a default judgment on credit card debt and foreclosure out for fifteen years. The Court has no evidence as to Plaintiffs' ability to reason and understand, aside from their pleadings. The Court has genuine doubts as to whether Plaintiffs can understand the concept of objective "reasonableness." It is possible that Plaintiffs do understand this concept, and have chosen to ignore it.

An award of monetary sanctions would require a review of Plaintiffs' financial status. Plaintiffs have spent a considerable amount of time avoiding the consequences of past financial decisions, and a further hearing and determination before this Court will likely result in further review before the Eleventh Circuit Court of Appeals. If this case was ongoing, the

3

Case No. 8:06-CV-521-T-17EAJ

Court would consider entry of an injunction. Since this case is over, an injunction is not necessary. Accordingly, it is

ORDERED that the Motion for Sanctions is **denied**.

DONE and ORDERED in Chambers, in Tampa, Florida on this 20th day of March, 2008.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

4